IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CORDELL YOUNG LIDDELL**                                                          **PLAINTIFF**

vs.                                                                      **CIVIL ACTION NO. 4:16CV196-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Cordell Young Liddell, under 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) and a period of disability (POD) under Sections 216(I) and 223 of the Social Security Act. Plaintiff protectively filed his application for benefits on July 15, 2014. His application alleged disability beginning on December 5, 2012. His claim was denied initially on February 13, 2015, and upon reconsideration on March 3, 2015. He filed a request for hearing and was represented by counsel at the hearing held on April 27, 2016. The Administrative Law Judge (ALJ) issued an unfavorable decision on June 14, 2016, and the Appeals Council denied plaintiff's request for a review on September 21, 2016. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment. Having considered the record, the briefs and the oral arguments of counsel, the court finds this case should be affirmed.

# I. FACTS

Plaintiff was born on March 17, 1962 and was 54 years old at the time of the hearing. He testified that he attended high school and previously worked as a correctional officer. Docket 8 at 181-82. Plaintiff contends that he became disabled before his application for benefits due to "diabetes, PTSD, poor vision, depression, brain damage, HBP (high blood pressure), memory loss, heart attack, stroke and NIDPM (non-insulin-dependent diabetes mellitus). Docket 8 at 304.

Completing the five-step evaluation process, the ALJ determined that plaintiff suffered from "severe" impairments of diabetes and depressive disorder, but found these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). Based upon the plaintiff's testimony at the hearing and considering the medical records he reviewed, the ALJ concluded that plaintiff retains the Residual Functional Capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs. The claimant cannot work at heights or around hazards. The claimant is limited to simple, repetitive tasks, meaning he can understand, remember, and carry out simple instructions, and should have only occasional interaction with the public, supervisors, and coworkers.

Docket 8 at 22. Upon further analysis under applicable rulings and regulations, the ALJ found plaintiff to be less than fully credible in that the intensity, persistence and limiting effects he claimed due to his symptoms were "not entirely consistent with the medical evidence . . . ." *Id.* Considering the testimony of a vocational expert, the ALJ determined that plaintiff could perform the jobs of a merchandise marker, routing clerk, and mail clerk in the national economy

and was therefore not disabled under the Social Security Act. *Id.* at 26.

Plaintiff contends that the ALJ erred because he failed to properly consider all of the evidence in the record. Specifically, plaintiff asserts that the ALJ failed to consider his PTSD under Listing 12.15, failed to consider the MRI of plaintiff's brain and failed to properly consider his back impairment. Following a review of the briefs, the transcript and oral argument, the undersigned concludes that plaintiff's case should be affirmed.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520(2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

3

does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[6] 20 C.F.R. §§ 404.1520(e)(2010).

[7] 20 C.F.R §§ 404.1520(g)(2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

*Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends the ALJ erred in failing to consider all of the evidence in the record, specifically his PTSD diagnosis, his brain MRI and his back impairment. Docket 12 at 8. In response, the Commissioner asserts that even if the ALJ's consideration of plaintiff's PTSD, MRI and back impairment was in error, plaintiff has not shown any prejudice as a result. Docket 15 at 5.

The Fifth Circuit has routinely held that "[a]n administrative law judge has a duty to fully and fairly develop the facts relative to a claim for disability benefits. The Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *Carey v.* Apfel, 230 F.3d 131, 142 (5th Cir. 2000); *see also Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984). In order to establish prejudice, plaintiff must "demonstrate that he or she 'could and would have adduced evidence that might have altered the result.'" *Id.*

As to plaintiff's PTSD, plaintiff notes that the ALJ failed to consider whether his PTSD

5

was a severe impairment and further failed to consider whether it met a listing. The Commissioner responds that the ALJ did in fact consider the PTSD, but it was in conjunction with plaintiff's depression. The ALJ mentioned in step 2 that Dr. Michael Whelan "noted that the claimant had borderline intellectual functioning, posttraumatic stress disorder and chronic depression, and depressive disorder . . . ." The VA psychologist, Dr. Lasun Young, found that it was impossible to differentiate between the symptoms attributable to PTSD and depression. Docket 8 at 606. In evaluating plaintiff's RFC, the ALJ found that plaintiff's

> VAMC records indicate posttraumatic stress disorder on several occasions, but actual treatment notes reflect diagnosis of and treatment for depression, not otherwise specified (Exhibits B2F and B7F). Dr. Whelan noted posttraumatic stress disorder based on the claimant's subjective history and depressive disorder based on the claimant's presentation (Exhibit B3F). Accordingly, the undersigned finds the claimant's symptoms and the medical evidence best supports depressive disorder.

Docket 8 at 24. Dr. Young further found that plaintiff's depression and PTSD "are of minimal severity, but have been ongoing since his deployment to Iraq" and that plaintiff's "occupational and social impairment [is] due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or; symptoms controlled by medication." *Id.* at 608, 612. As such, the ALJ determined plaintiff had the RFC to interact only occasionally with the public, supervisors and coworkers and perform only simple, repetitive tasks. Docket 8 at 22. Based on a review of the transcript and oral argument, the undersigned finds that plaintiff has failed to provide any evidence to demonstrate that he would have meet the listing 12.06 for PTSD or that his impairment is more restrictive than the RFC established by the ALJ. As such, plaintiff's claim that the ALJ erred in failing to consider his PTSD as a separate impairment fails.

The plaintiff asserts, and the Commissioner agrees, that the ALJ improperly stated that the record evidence failed to show that plaintiff experienced a CVA/stroke. Docket 15 at 7. Both the MRI conducted in March 2014 and the discharge records confirm that plaintiff suffered an "acute CVA." Docket 8 at 437. However, plaintiff has not alleged – and the medical evidence does not suggest – that he suffered any impairment which lasted for twelve (12) consecutive months as a result of the stroke. Because Social Security Regulations require a plaintiff to demonstrate an impairment that prevents him from performing his past work or any other substantial gainful activity for 12 consecutive months, plaintiff has failed to demonstrate any prejudice in the ALJ's improper statement concerning his stroke. Therefore, plaintiff's assignment of error as to the consideration of the MRI and stroke is improper.

Last, the plaintiff alleges that the ALJ improperly concluded that there is "no acceptable clinical or laboratory diagnostic findings provided by an acceptable medical source which show the existence of a medically determinable impairment which could reasonably be expected to cause low back pain." Docket at 20. The plaintiff asks the court to consider an x-ray performed on his lumbar spine that showed "mild osteophyte formation along the left side of L5-S1" and "mild degenerative changes of L5-S1." Docket 8 at 398. However, as the Commissioner notes, there is no medical evidence relating the osteophyte formation or the mild degenerative changes to any back pain. Only one treatment record in plaintiff's extensive medical transcript references back pain and it appears to be in relationship to possible pancreatitis or chronic gastritis. Docket 8 at 508-09. The Fifth Circuit has held that, "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work

7

experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Courts have held that the severity standard is a cautious one and great care should be exercised in applying the standard to deny benefits, but instead that the sequential evaluation should be continued if there is any question whether the impairment has satisfied the standard. An ALJ's failure to find a severe impairment where one exists may not constitute reversible error where the ALJ determines that a claimant has at least one other severe impairment and properly continues with the remaining steps of the disability evaluation. *Groberg v. Astrue*, 415 Fed. Appx. 65, 67 (10th Cir. 2011). While the ALJ in the instant case did conclude that plaintiff's back pain did not result in a severe impairment, the ALJ did continue with the remaining steps of the disability evaluation. Further, the plaintiff has provided no evidence that the ALJ's finding of non-severity as to his back pain resulted in any prejudice to plaintiff. There is no indication that evidence exists which might have altered the result if the ALJ had found his back impairment severe. Therefore, plaintiff's assignment of error regarding his back impairment is without merit.

## IV. CONCLUSION

Reading the record as a whole, the court concludes that the ALJ's opinion is supported by substantial evidence and should be affirmed. It is clear that the ALJ reviewed the entire record and developed it further at the hearing, properly identified and analyzed the relevant listed impairments, fully discussed the evidence contained in the record and concluded that the balance tipped toward functional ability in determining whether the plaintiff's impairment met or equaled a listed impairment. The plaintiff did not provide credible evidence that his alleged impairments affect his ability to work to the point of disability, and the ALJ more than adequately explained his reasons for concluding that plaintiff could perform light work. As a consequence, the

undersigned holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 6th day of July, 2017.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE